IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY WATTS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-824 |
| | ) | Judge Arthur J. Schwab/ |
| ROBERT TRETINIK, Health Care | ) | Chief Magistrate Judge Amy Reynolds Hay |
| Administrator; DR. MICHAEL HERBICK, | ) | |
| Doctor; CHRIS MEYERS, (P.A.), | ) | |
| | ) | |
| Defendants | ) | Re: Dkt. [82] |

REPORT AND RECOMMENDATION

I.     Recommendation

It is respectfully recommended that the Defendants' Motion for Summary Judgment, Dkt. [82], be granted.

II.    Report

Tracy Watts ("Plaintiff"), serving a sentence of life for first degree murder, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. This case has been the subject of prior proceedings including a prior Report and Recommendation, Dkt. [60],that was adopted. Dkt. [75]. The sole remaining claim is an Eighth Amendment claim of deliberate indifference against Dr. Michael Herbik,[1] a physician who treated Plaintiff, and Christopher Meyer,[2] Physician's Assistant, who also treated Plaintiff. The gravamen of Plaintiff's complaint is that after he had

---

1. Although listed in the caption of the original complaint and, consequently, in the caption of the Court's docket as "Herbick," it appears that the correct spelling is "Herbik." See Dkt. [85-2] at 9.

2. Although listed in the caption of the original complaint and, consequently, in the caption of the Court's docket as "Meyers," it appears that the correct spelling is "Meyer." See Dkt. [85-2] at 20.

testicular surgery, he experienced pain and difficulty as a result of walking and should have been given a wheelchair and or crutches in order to ambulate without pain. To give a brief factual summary, Plaintiff underwent a surgical procedure on December 4, 2006, to repair a hydrocele in his testicle. Thereafter, he developed a hematoma that was surgically removed on January 15, 2007.

    A.    <u>Applicable Legal Principles</u>

Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). The moving party bears the initial burden to show or point out why there is no genuine issue of material fact. <u>Walters ex rel. Walters v. General Motors Corp.</u>, 209 F.Supp.2d 481, 484 (W.D. Pa. 2002). Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a *genuine issue for trial* . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). In reviewing the summary judgment evidence, the Court has no duty to search the record for triable issues; rather, it need rely only on those portions of the evidentiary record to which the nonmoving party directs its attention. <u>See Guarino v. Brookfield Township Trustees</u>, 980 F.2d 399, 403 (6th Cir. 1992).

"The substantive law governing the dispute will determine which facts are material, and only disputes over those facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>DeHart v. Horn</u>, 390 F.3d 262, 267 (3d Cir. 2004)(internal quotations omitted). The evidence on summary judgment presents a genuine

issue of fact only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). "Where the record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita, 475 U.S. at 587. The inquiry involves determining whether the evidence presents a sufficient disagreement "'to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990)(quoting Anderson, 477 U.S. at 251-52). If a court, having reviewed the evidence with this standard in mind, concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted. Anderson, 477 U.S. at 249-50.

In short, the summary judgment motion is an evidence testing device to see if there is sufficient evidence to support a party's position with respect to an issue for which that party bears the burden of proof at trial so as to justify holding a trial. Summary judgment is the "moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Albiero v. City of Kankakee, 246 F.3d 927, 933 (7th Cir. 2001).

B. Discussion

As noted, Plaintiff filed this suit pursuant to 42 U.S.C. § 1983 and the sole remaining claim concerns Eighth Amendment rights. In order to

> make out a claim under Section 1983, a plaintiff must demonstrate that the conduct of which he is complaining has been committed under color of state or territorial law and that it operated to deny him a right or rights secured by the Constitution and laws of the United States. The plaintiff must also establish that it was the acts of the defendant which caused the constitutional deprivation.

Mosley v. Yaletsko, 275 F.Supp.2d 608, 613 (E.D.Pa. 2003)(citations omitted). See also Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997)( In order "to survive summary judgment on an Eighth Amendment claim asserted under 42 U.S.C. § 1983, a plaintiff is required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."). Here, there is no genuine factual dispute over whether the Defendants acted under color of state law. Hence, the only issues are whether the Eighth Amendment was violated and whether such a violation was caused by the Defendants.

The Supreme Court has explained that analysis of a violation of the Eighth Amendment involves a two pronged inquiry: (1) an objective inquiry into the qualitative nature of the harm suffered by the victim of the alleged punishment and (2) a "subjective inquiry" into the mind of the person inflicting the harm. See Wilson v. Seiter, 501 U.S. 294 (1991). The Court of Appeals for the Third Circuit has explained the objective element as requiring proof that "the deprivation was sufficiently serious to fall within the Eighth Amendment's zone of protections. . . . If not our inquiry is at an end." Fuentes v. Wagner, 206 F.3d 335, 344 (3d Cir. 2000). The Supreme Court has held in the medical context that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976)(internal quotations omitted). The Court explained the subjective prong of an Eighth Amendment "deliberate indifference" claim is met when a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff bears the burden to prove, by competent evidence, both the

subjective and the objective components of the Eighth Amendment. Comstock v. McCrary, 273

F.3d 693, 703 (6th Cir. 2001); Newland v. Achute, 932 F.Supp. 529, 532 (S.D.N.Y. 1996);

Pasha v. Barry, No. Civ. A. 96-466, 1996 WL 365408, at *1 (D.D.C. June 21, 1996).

The heart of Plaintiff's complaint is that "[a]fter my surgery on 12-4-06[,] I was not issued any crutches or wheelchair to get around once I was released from the prison infirmary[.]" Dkt. [4] at 2, ¶ IV.C. The significance of this alleged lack of wheelchair and/or crutches is explained by Plaintiff as follows:

> 13. The testicle is a very delicate area and when Plaintiff would walk to different places in the prison[,] the pain and swelling increased from the testicle rubbing on his leg and crotch.
> 14. Plaintiff was much in need of a wheel chair or crutches because of this serious medical condition and Plaintiff was unjustifiably deprived, which led to unnecessary pain and suffering.

Dkt. [41] at 2.

However, in support of the Defendants' summary judgment motion, Dr. Herbik submitted, in effect, an affidavit,[3] wherein he averred that "[n]either a wheelchair nor crutches were medically indicated after his [i.e., Plaintiff's] hydrocele repair [which occurred on December 4, 2006] and the medical records do indicate that plaintiff was given crutches after the hematoma," Dkt. [85-2] at 5 to 6, which was removed as of January 15, 2007. See Dkt. [85-4] at 42 (recounting events). Moreover, Defendants included copies of Plaintiff's contemporaneously recorded medical records in the form of "progress notes" and "physician's orders" that are replete

---

3. Counsel for Dr. Herbik, submitted Dr. Herbik's Answers to Plaintiff's Interrogatories and at the end of the interrogatories, counsel added a verification from Dr. Herbik under perjury that the foregoing factual averments in the Answers were true and correct. Dkt. [85-2] at 2 to 17. Counsel did the same for Defendant Meyer. Dkt. [85-2] at 20 to 33.

5

with indications that Plaintiff was given treatment for the pain he experienced after the hydrocele surgery and after the hematoma removal, in addition to numerous references to permitting or granting Plaintiff permission to use crutches. See, e.g., Dkt. [85-4] at 18 (order dated 1/17/07 by Dr. Donegan to "allow use of crutches for ambulating x $48^{0}$" [i.e., for 48 hours]); id., at 20 (order dated 6/5/07 by Dr. Donegan for "crutches x 7 d" (i.e., for seven days); id., at 21 (order dated 6/28/07 by Dr. Donegan for "crutches until 7/13/07); Dkt. [85-3] at 35 (Progress Note date 1/19/07 by Dr. Donegan noting that Plaintiff was "amb c [with a line above the "c"] crutch" which the court takes to mean ambulating with crutches.[4] In addition, there is a notation in the progress notes dated February 15 or 18, 2007 by a registered nurse that states "inmate returned crutches [illegible]." Dkt. [85-3] at 36. There is another notation dated July 2, 2007 written by Dr. Herbik that states "continue crutches, PT [i.e, Physical Therapy] scheduled." Dkt. [85-3] at 40.

The evidence provided by the Defendants was more than enough to establish (1) that Plaintiff failed to show a serious objective need for the crutches and or wheelchair, given that Dr. Herbik opined that after Plaintiff's hydrocele surgery, there was no medical indication for the need for a wheelchair and/or crutches or (2) the evidence establishes that Plaintiff did in fact receive crutches after his hematoma was removed from the site of the hydrocele surgery on his testicle and so Plaintiff was not in fact denied medical treatment or (3) that the Defendants in good faith did not believe Plaintiff needed a wheelchair and/or crutches and so there is lacking evidence of the subjective prong. This evidence is more than sufficient for the moving

---

4.   See also Dkt. [84] at 7, ¶ 54 ("Dr. Donegan also saw Watts on January 19, 2007 and noted that Watts was ambulating with crutches. (Ex. 5, Progress Notes)."). Plaintiff admits the foregoing statement. Dkt. [92] at 4, ¶ 54.

Defendants to carry their initial summary judgment burden "to show or point out why there is no genuine issue of material fact." Walters ex rel. Walters v. General Motors Corp., 209 F.Supp.2d at 484 and so to shift the burden to Plaintiff to come forward and "show what evidence [he] has that would convince a trier of fact to accept [his] version of events." Albiero v. City of Kankakee, 246 F.3d at 933.

In response, Plaintiff adduced no evidence whatsoever. For this reason alone, the moving Defendants are entitled to summary judgment. BellSouth Advertising & Pub. Corp. v. Donnelley Information Pub., Inc., 999 F.2d 1436, 1484 (11th Cir. 1993)("the burden on summary judgment shifts to the non-moving party once the moving party has met its initial responsibility of showing the absence of a triable issue of fact, and . . . the moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of the case) (citing United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). See also Childers v. Joseph, 842 F.2d 689, 695 (3d Cir. 1988)(the "nonmoving party with burden of persuasion must make showing of record evidence sufficient to withstand motion for summary judgment")(citing Equimark Commercial Fin. Co. v. C.I.T. Fin. Servs. Corp., 812 F.2d 141, 144 (3d Cir. 1987); Somerset Industries, Inc. v. Lexington Ins. Co., __ F.Supp.2d __, __, 2009 WL 1971385, at *3 (E.D.Pa., July 7, 2009) ("After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'")(quoting Celotex Corp., 477 U.S. at 322).

The most that Plaintiff does is (1) make unverified denials of facts which the Defendants have attested to, see, e.g., Dkt. [92] at 1 to 5, (Plaintiff's responsive pleading to the Defendants'

Concise Statement of Material Facts) and (2) make arguments unsupported by any evidence of record. See, e.g., Dkt. [91] (Plaintiff's Brief in Opposition). Neither defeats Defendants' properly supported motion for summary judgment.

As for Plaintiff's denials of facts that he makes in his responsive pleading, i.e., Dkt. [91], the Defendants correctly point out, Dkt. [94] at 1, that "[w]hen deciding a motion on summary judgment, 'the non-moving party may not rest on the mere allegations or denials of the adverse party's pleading ... but must set forth specific facts showing that there is a genuine issue for trial.'" Sconfienza v. Verizon Pennsylvania Inc., 307 Fed.Appx. 619, 622 (3d Cir. 2008)(quoting Fed.R.Civ.P. 56(e)). Hence, Plaintiff's mere denials are not sufficient to merit the Court's rejection of the Defendants' summary judgment motion.

In addition, Plaintiff's denials in his responsive pleading are insufficient for yet another reason. Plaintiff's responsive statement of material facts is insufficient because it failed to comply with Local Rule 56.1.C.1.[5] Plaintiff failed to comply with the Local Rules by failing to

---

5. That local rule provides as follows:

> **A Responsive Concise Statement:** A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by:
> (a) admitting or denying whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material;
> (b) setting forth the basis for the denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety (as to whether it is undisputed or material), with appropriate reference to the record (See LR 56.1B(1) for instructions regarding format and annotation);

Local Rule 56.1B(1) provides in relevant part that

> The facts set forth in any party's Concise Statement shall be stated in separately

(continued...)

cite to specific portions of the record in support of his responsive concise statement of facts. Dkt. [91]. Defendants even alluded to this deficiency. Dkt. [94] at 1. Plaintiff was advised by the Court of the requirement to comply with Local Rule 56.1.C. and of the consequences for lack of compliance. Dkt. [87]. Plaintiff has not rectified the deficiency. Such justifies the Court in ignoring Plaintiff's denials in his responsive statement of material facts and justifies the Court in deeming that he admitted those very facts that he sought to deny. See, e.g., Bronson v. White, NO. 1:05-CV-2150, 2007 WL 3033865, at *1 n.1 (M.D.Pa. Oct. 15, 2007) ("Although Plaintiff has denied certain paragraphs of the Defendants' Statement of Material Undisputed Facts, he has not pointed to record evidence to support such denials. Therefore, pursuant to Local Rule 56.1, those material facts are deemed to be admitted."); Ferace v. Hawley, NO. CIV.A. 05-1259, 2007 WL 2823477, at *1 (W.D.Pa. Sept. 26, 2007) ("Defendants set forth a concise statement of material facts. [DE 60]. Plaintiff, however, failed to respond to these statements in accordance with LR 56.1(C) (1), and consequently, the facts set forth in the concise statement of material facts submitted by Defendants are deemed to be admitted by Plaintiff for the purpose of the instant motion, in accordance with LR 56.1(E)."). On this basis alone, given that we can deem the Defendants' statements of material facts undisputed, the Court should grant the summary judgment motion since the moving Defendants have met their initial summary judgment burden to show no genuine issue of material fact.

---

5. (...continued)
    numbered paragraphs. **A party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact**;

(emphasis added).

Nevertheless, and, in the alternative, even if we were to accept Plaintiff's responsive statement of material facts and his denials as true, still, the Defendants would be entitled to summary judgment because Plaintiff's denials fail to establish the subjective prong.

First, we note that some of his denials are simply immaterial. See, e.g., Dkt. [92] at 2, ¶ 9 (denying that Plaintiff reported that he hurt his knee playing basketball and was diagnosed with a knee sprain). Second, we note that he asserts the moving Defendants denied Plaintiff's requests for crutches and/or a wheelchair. Dkt. [92] at 3. The contemporaneous medical records affirmatively rebut such a contention, as noted earlier, but even if we accept for the sake of argument that the Defendants did deny his request for a wheelchair and/or crutches, there is nothing in the record to show that such denials constitute evidence of the subjective prong. This is clearly the case when all that Plaintiff argues is that the crutches and/or wheelchair were necessary because walking irritated his testicle because the walking caused the testicle to rub against the leg or crotch. Dkt. [41] at 2, ¶ 13 ("The testicle is a very delicate area and when Plaintiff would walk to different places in the prison[,] the pain and swelling increased from the testicle rubbing on his leg and crotch."). However, the record reveals that as far back as June 14, 2006, Dr. Herbik had ordered an athletic supporter for Plaintiff after his complaints of pain in his right testicle. Dkt. [85-4] at 4 (order dated 6/14/06 providing "athletic supporter (given)."). See also Dkt. [85-3] at 8 (Progress Note dated 6/14/06). See also Dkt. [84] at 2, ¶ 11 ("Dr. Herbik noted that he also provided Watts with an athletic supporter after his complaints of pain in his right testicle."). That such occurred was admitted by Plaintiff. Dkt. [92] at 2, ¶ 11. Moreover, the record appears to support the athletic supporter was provided to Plaintiff until at least January 2, 2008. Dkt. [85-4] at 24 (progress note dated 1/2/08 indicating that Plaintiff said he "needs slip

saying athletic supporter was taken."). See also Dkt. [85-4] at 34 (under heading of, inter alia, "Treatment to Date" and listing "athletic supporter" and indicating date in that heading as 8/22/06); Dkt. [85-4] at 36 (same as at p. 34, except dated as 9/13/06). Such a response on the part of Dr. Herbik, i.e., in ordering Plaintiff be provided with an athletic supporter, simply does not evince deliberate indifference and on this record, Plaintiff utterly fails to adduce any evidence of such as to either Dr. Herbik or Physician Assistant Meyer.

Moreover, the record is replete with orders for pain medication to attempt to address Plaintiff's complaints of pain in addition to the orders for crutches and for the athletic supporter, again evidencing that the Defendants lacked the subjective mindset needed to state an Eighth Amendment claim. The Court notes that Plaintiff acknowledged that the Defendants prescribed pain medication for him. However, Plaintiff contends that "they knew [the pain medication] to be ineffective lead[ing] to plaintiff[']s unnecessary suffering and the defendants were fully aware of this." Dkt. [91] at 10. Even if we accept as true Plaintiff's unverified assertions in his brief, this still would not be sufficient to establish that the Defendants had the requisite deliberate indifference in light of the other treatment modalities that the record indicates were ordered by the Defendants (e.g., athletic supporter, use of crutches), which the Defendants could have reasonably believed would address the pain. This is so even if Plaintiff contends that he never received the other modalities of treatment because there is absolutely no evidence of record that the Defendants knew that Plaintiff did not allegedly receive such other modalities of treatment, in light of the fact that the medical records support the contrary, i.e., that he did receive such other modalities, such as the crutches and the athletic supporter to redress his complaints of pain and no reasonable jury could find the Defendants deliberately indifferent for their reliance upon the

medical records as a basis for their treatment decisions especially in light of the evidence adduced by the Defendants that Plaintiff never requested the use of a wheelchair nor the use of crutches after his December 4, 2006 surgery on the hydrocele, Dkt. [85-2] at 15, despite the fact that Plaintiff contends, albeit in an unverified brief, that the did make such a request, Dkt. [92] at 3, ¶ 30.

Even accepting as true that Plaintiff made such a request for a wheelchair and/or crutches and that the Defendants denied his requests, their denials of such requests would not support an Eighth Amendment claim on this evidentiary record because such a denial of the request for a wheelchair/crutches is, at most, negligence, which is simply beneath the constitutional threshold of deliberate indifference.[6] Indeed, Plaintiff's own arguments implicitly demonstrate that he can only make out, at most, a negligence claim. See, e.g., Dkt. [91] at 6 ("a reasonable medical personnel of expert [sic] 'should have known' that failure to provide assistance of a wheelchair or crutches to plaintiff after undergoing surgery to his testicles and not being able to walk due to consistent pain and swelling was 'unlawful.'"). However, as is clear, such a "should have known" standard is not the "deliberate indifference" standard required under the Eighth Amendment but is merely a negligence standard, more appropriate for a state tort action and

---

6. See, e.g., Estelle, 429 U.S. at 105-06 wherein the Supreme Court held that

> in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

absolutely falling short of any constitutionally cognizable claim. See e.g., Farmer v. Brennan, 511 U.S. at 860 (Thomas, J. concurring)("Petitioner's suggested 'should have known' standard is nothing but a negligence standard"). There is simply no evidence to establish that the two Defendants were "both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and [that they] . . . also dr[e]w the inference." Farmer v. Brennan, 511 U.S. at 837 (1994). In other words, even viewing the summary judgment record in a light most favorable to the Plaintiff, and concluding that he requested a wheelchair or crutches and the Defendants denied his request, the record discloses nothing more than, at most, negligence, and no reasonable jury, could, on the basis of this record, find an Eighth Amendment violation against either of the Defendants because there is lacking evidence of the subjective prong in light of the various treatment modalities other than the wheelchair and crutches that the Defendants did order in an attempt to redress Plaintiff's pain, even if those other modalities ultimately proved to be unsuccessful.

     Lastly, in the alternative, we find that on this record the moving Defendants would be entitled to qualified good faith immunity.

     A "government official is entitled to qualified immunity if his 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Berg v. County of Allegheny, 219 F.3d 261, 272 (3d Cir. 2000). In "order to survive summary judgment on grounds of qualified immunity, a plaintiff must (1) allege violation of a valid legal right and (2) demonstrate that 'it would be clear to a reasonable officer that his

conduct was unlawful in the situation he confronted.'" Abdullahi v. City of Madison, 423 F.3d 763, 775 (7th Cir. 2005) (quoting Saucier v. Katz, 533 U.S. 194, 201-02 (2001)).[7]

Although in the preceding analysis, the Court determined that the Defendants did not violate Plaintiff's constitutional rights (or more properly, there is no material factual dispute over this), even if, for the sake of argument, the Court assumed such actions or inactions on the part of the Defendants did violate Plaintiff's constitutional rights, Defendants would still be entitled to summary judgment on the basis of qualified immunity because it would not have been clear to reasonable officers that their actions violated Plaintiff's constitutional rights, in light of their good faith attempts to address Plaintiff's complaints of pain even if the Defendants otherwise refused Plaintiff's requests for a wheelchair and/or crutches (at least initially, given that the medical records indicate Plaintiff did possess crutches shortly after his surgery to remove the hematoma and this is so even if those medical records were erroneous given that there is no evidence to show that the Defendants had knowledge that the medical records were erroneous) in light of their prescribing of pain medications and athletic supporter in an effort to address Plaintiff's pain.

While Plaintiff had sought both injunctive relief and damages, Dkt. [41] at 5, ¶ A, because he has long ago been transferred out of the prison in which the Defendants worked, any such claims for injunctive relief are moot and, in fact, were dismissed as such earlier.[8]  Hence,

---

7. Recently, the Supreme Court receded from the qualified immunity rule in Saucier v. Katz, that required the courts to first determine whether a constitutional violation occurred and only then proceed to determine if it would have been clear to a reasonable person that their actions violated clearly established law.  Pearson v. Callahan, __ U.S. __, 129 S.Ct. 808 (Jan. 21, 2009).

8. Dkt. [60] at 16 (prior Report, noting Plaintiff's change of address and finding any claims for
(continued...)

the qualified immunity defense would render summary judgment proper and would completely dispose of the case as against the Defendants given that only money damage claims now remain and qualified immunity is a complete defense to such money damage claims. Tubbesing v. Arnold, 742 F.2d 401, 403 (8th Cir. 1984) ("Since only money damages were sought in Evans, supra, qualified immunity was a complete defense to the plaintiff's claims and prevented the defendants from being put to trial.").

Accordingly, the Defendants are entitled to summary judgment on the Eighth Amendment deliberate indifference claim either because Plaintiff has failed to carry his burden to show a genuine issue of material fact as to the deliberate indifference claim or because the record conclusively demonstrates that under the facts of this case, the Defendants would be entitled to qualified immunity.[9]

---

8. (...continued)
injunctive relief to be moot).

9. To the extent that any one of the grounds relied upon in this report to recommend the grant of summary judgment was not raised by the Defendants, the Court has power to sua sponte grant summary judgment so long as the losing party has notice and an opportunity to be heard. Canell v. Bradshaw, 97 F.3d 1458 (Table), 1996 WL 547978 at **5 (9th Cir. 1996) (unpublished) ("A district court may grant summary judgment to a non-moving party sua sponte so long as the other party has had an adequate opportunity to address the relevant issues."). See also Celotex, 477 U.S. at 326 ("Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence."). This report and recommendation can serve as the necessary notice; and the opportunity to object, provides Plaintiff with the opportunity to present any further evidence he may have with respect to the dispositive issues. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) ("Here, the Magistrate Judge's Memorandum and Recommendation placed Magouirk on notice that procedural default was a potentially dispositive issue with respect to three of his claims. Magouirk responded to the Magistrate Judge's sua sponte invocation of procedural default within the ten-day time period allowed for filing objections to the report. Thus, Magouirk was afforded both notice and a reasonable opportunity to oppose application of the procedural default doctrine in the district court."); Canady v. Baker, 142 F.3d 432 (Table), 1998 WL 123996, at *1 (6th Cir. 1998)(same).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

                                                  Respectfully submitted,

                                                  /s/ *Amy Reynolds Hay*
                                                  Chief United States Magistrate Judge

Dated: 20 August, 2009


cc:      The Honorable Arthur J. Schwab
         United States District Judge

         Tracy Watts
         AS-2157
         S.C.I. Coal Township
         1 Kelley Drive
         Coal Township, PA 17866-1021


         All counsel of record by Notice of Electronic Filing